[Civ. Nos. 13324, 13325.   Second Dist., Div. Two.   Nov. 3, 1941.]

JESSIE E. SMITH, an Incompetent, etc., Appellant, v. BLANCHE SMITH, Respondent.

(Two cases.)

Henry F. Poyet, Wilbert S. Weatherwax and George Keefer for Appellant.

Frank L. Perry for Respondent.

SCOTT, (R. H.), J. *pro tem.*—From adverse judgments in two suits to recover real property plaintiff appeals.

In case No. 13324, plaintiff and her deceased husband in 1922 bought property known as "lot 29, Block D, El Nido Tract," under a contract which provided for a $50 down payment and monthly installments of $25 each, and shortly

thereafter assigned their rights under the contract to their son Herbert Smith. The payments were completed and in 1924 a deed to the property was made to Herbert Smith. Parents and son occupied the property as their home. The son later married and thereafter both father and son passed away. The probate court set apart the property to defendant as widow of the son. This suit was brought by Flossie Gerome, daughter of plaintiff, who had been appointed guardian *ad litem* for that purpose due to the incapacity of plaintiff, who is aged and infirm. The amended complaint seeks to have the court declare that the property belongs to plaintiff and is merely held in trust for her by defendant, and to compel defendant to return it to her.

The conclusion of the trial court adverse to plaintiff is supported by ample evidence. The latter's husband during his lifetime had an income of about $30 a month and put in his time working in a small garden. Witnesses testified that plaintiff and her husband had stated at various times that the property belonged to their son, and it appears that the latter and defendant had paid taxes on the property for many years prior to the filing of this suit.

Plaintiff contends that the trial court went beyond the issues raised by the pleadings by not only deciding that defendant holds title to the property and does not hold it as trustee for plaintiff, but also by awarding defendant possession of the premises. While it does appear that the pleadings might have been more comprehensive and exact, there is no doubt that the subject matter and the parties were within the court's jurisdiction and that the issues in the case concerned the title to and possession of the specific piece of property. That being the case, we see no valid reason why a court of equity should not dispose of these issues on the basis of the credible and persuasive evidence before it.

In case No. 13325, plaintiff during a serious illness in the year 1936 made a deed to "lot 28" in the same tract, giving it to her son, and upon his death it was set apart to defendant as his widow. The complaint seeks to set aside the gift as being one made in contemplation of death and asks that the property be returned to plaintiff. (Civ. Code, secs. 1149, 1150, 1151.) The trial court found that the property had been deeded by plaintiff to her son as a gift during a time of her serious illness, but not in contemplation of death or with intent that it should take effect only in case of her death.

While it is true that Civil Code, section 1151, provides that "A gift in view of death may be revoked by the giver at any time, and is revoked by his recovery from the illness . . . " the evidence herein shows that plaintiff is still seriously afflicted so that she cannot talk or write, and has difficulty in communicating even with her daughter, the guardian *ad litem.* There is no charge of fraud or coercion at the time the deed was made; nor is there any testimony that plaintiff declared at the time of making it that the deed was a gift made in contemplation of death, or that since then she has so declared or that she has indicated a desire or intention to revoke it. Because of her disability she was not available as a witness at the trial. The sufficiency of the evidence to support the findings of the trial court is the only question requiring consideration on this appeal, and since it is adequate we conclude that plaintiff cannot prevail.

Judgments affirmed.

Moore, J., and Wood, J., concurred.